598 So.2d 699 (1992)
Susan Ortego WILHELM, Plaintiff-Appellant,
v.
VERMILION PARISH SCHOOL BOARD, et al., Defendant-Appellee.
No. 90-1098.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
*700 Katherine Vincent, Abbeville, for plaintiff-appellant.
Juneau, Judice, Hill & Adley, Patrick Juneau, James Hautot, Lafayette, for defendant-appellee.
Before DOMENGEAUX, C.J., LABORDE, J., and PATIN[*], J. Pro Tem.
LABORDE, Judge.
In this wrongful termination suit, Susan Ortego Wilhelm appeals the trial court judgment granting the Vermilion Parish School Board's motion for summary judgment. Wilhelm alleges La.R.S. 17:81.5 applies to non-tenured probationary teachers, and the School Board failed to follow the procedures for termination as mandated in this statute. We find La.R.S. 17:81.5 does not apply to non-tenured and probationary teachers and affirm the trial court.

FACTS
Plaintiff-Appellant, Susan Ortego Wilhelm (appellant), was employed by the Vermilion Parish School Board (Board) as a special education teacher for the 1985-86, 1986-87, and 1987-88 school years. Appellant was certified to teach students placed in mild/moderate special education classes. After Spring 1987, Wilhelm's class was disbanded and the Board transferred her to the parish Special Education Center where she was assigned to teach severe/profound impairment special education classes. Appellant was not certified to teach severe/profound impairment special education classes.
After receiving a recommendation to terminate appellant from Eston Hebert, the parish superintendent of schools, the Board terminated appellant on May 19, 1988. Appellant was a non-tenured teacher at the time of her termination, and thus classified as a probationary teacher at the time of her dismissal. Appellant's termination was in reality a non renewal of her contract as the termination was concurrent with the expiration of her contract term. After appellant received timely notification of her termination, she filed this suit against the Vermilion Parish School Board and its members in their individual capacity.
Appellant alleged in her petition the Board wrongfully dismissed her since it failed to terminate her in accordance with the rules and policies mandated by the Louisiana legislature in La.R.S. 17:81.5. The Board filed a motion for summary judgment *701 arguing La.R.S. 17:81.5 was not applicable to this case, that appellant's federal law claim should be dismissed on the basis that non-tenured teachers have no property interest in continued employment, and the Board's members in their individual capacity should be immune. The trial court granted the Board's motion for summary judgment addressing all grounds asserted by the Board except the immunity claim. Appellant now appeals this ruling.

ISSUES PRESENTED FOR APPELLATE REVIEW
Appellant did not assert any specific assignments of error though she presents two issues for appellate review. From the statement of these issues, it is apparent appellant is alleging the trial court erred in granting the Board's motion for summary judgment by finding appellant was not entitled to the protection afforded by La.R.S. 17:81.5. In the interest of justice, we will address appellant's issues. See Rule 1-3, Uniform Rules, Courts of Appeal. Appellant's first issue presented for review is whether appellant as a probationary non-tenured teacher is entitled to the protection afforded by La.R.S. 17:81.5, and her second issue is whether she received the protection afforded by La.R.S. 17:81.5. La.R.S. 17:81.5 provides:
Not later than January 1, 1988, each city and parish school board shall develop and adopt rules and policies which it shall use in dismissing school employees who have not attained tenure in accordance with applicable provisions of law and whose dismissal is not a result of a reduction in force, as provided for in R.S. 17:81.4. The school board shall provide a procedure by which any employee, whose dismissal is governed by this Section, may participate in the development of the rules and policies. Such rules and policies shall be made available for public inspection within ten days after they are finally adopted. (Emphasis Added).
Appellant asserts this statute applies to her in that she is a non-tenured probationary teacher and thus a "school employee" as contemplated by the statute. She argues the statute only excludes tenured employees and employees who are dismissed as a result of a reduction in force. Appellant further argues the legislature, in enacting La.R.S. 17:81.5 intended to afford non-tenured teachers with rights consistent with due process requirements, and as a result, this statute gives her a Constitutional protected interest in continued employment. We disagree. The legislature has provided for the termination of non-tenured as well as tenured teachers in La.R.S. 17:442 and La.R.S. 17:443 respectively. That the legislature has provided for the termination of tenured and non-tenured teachers elsewhere in the revised statutes indicates "school employees" as written in La.R.S. 17:81.5 refers to those school employees who are not teachers. Accordingly, La.R.S. 17:81.5 does not apply to appellant. La.R.S. 17:442 applies to appellant's situation as she was a non-tenured probationary teacher at the time of her termination. Furthermore, the Vermilion Parish School Board had in effect at the time of appellant's termination a procedure for terminating non-tenured probationary teachers. The record indicates each requirement of this policy and procedure was followed with respect to appellant's termination.
As to appellant's argument that she is entitled to rights consistent with due process requirements, non-tenured teachers do not have a protected property interest in their employment which entitles them to procedural due process. Foreman v. Vermilion Parish School Board, 353 So.2d 471 (La.App. 3d Cir.1977), writ denied, 355 So.2d 257 (La.1978). Assuming arguendo, La.R.S. 17:81.5 creates a protected property right in the employment of non-tenured employees, due process was afforded plaintiff in accordance with the policies and procedures in affect at the time of her termination. Not only was plaintiff given notice of the Board's intention to terminate her, she was given a hearing with a chance to introduce evidence, and she was informed in writing of the Board's final decision to terminate her employment. Under the due process clauses of both the Federal and *702 Louisiana Constitutions, it is clear appellant's due process rights were protected.
The record indicates appellant introduced no grounds to support her state or federal claim. On the other hand, the Board supported its motion for summary judgment with all evidence necessary to support the conclusion that there exists no substantial issue of material fact to be decided by a trial on the merits. See, La.C.C.P. art. 966; La.C.C.P. art. 967. Accordingly, the trial court did not err in granting the Board's motion for summary judgment.

ISSUES PRESENTED FOR APPELLATE REVIEW BY THE BOARD
The Board also presents the issue of whether the School Board members are immune to plaintiff's state law claim pursuant to La.R.S. 9:2798.1 for appellate review. The trial court did not address this issue in its well written reasons for judgment. Therefore, the Board is seeking a modification of the trial court judgment. An appellee must answer an appeal in order to modify, reverse or revise the judgment. La.C.C.P. art. 2133. The Board did not answer the appeal. Therefore, this issue will not be addressed as it is not properly before this court. Furthermore, the effect of the trial court judgment and this opinion is to dismiss appellant's entire suit so the immunity issue for the individual board members is moot.

DECREE
The trial court judgment granting the Vermilion Parish School Board's motion for summary judgment is affirmed. The cost of this appeal is assessed against appellant, Susan Ortego Wilhelm.
AFFIRMED.
NOTES
[*] Judge Patin, retired, participated in this decision as Judge Pro Tempore.