Dear Mr. Delahaye:
You have requested an opinion from this office on behalf of the Iberville Parish School Board concerning the following issue:
Whether the Iberville Parish School Board is legally obligated to reinstate a non-tenured, non-classified employee who was terminated after being arrested for possession of cocaine with intent to distribute but subsequently exonerated from any criminal liability when the criminal charges were dropped?
The facts are as follows in pertinent part:
 On December 9, 1993, two janitors assigned to Plaquemine High School and employed by the Iberville Parish School Board were arrested in Port Allen, Louisiana and charged with possession of cocaine with intent to distribute.
 On Monday, December 13, 1993, Mr. Bujol, Superintendent of Schools in Iberville Parish, met with the following persons in his office: the two janitors in question, the central office instructional supervisor assigned to Plaquemine High School, the Drug-Free School Supervisor for the School Board and an employee of ServiceMaster, the organization with whom the School Board had contracted to provide maintenance management services. As a result of that meeting, Mr. Bujol advised the two janitors by letter that they were immediately suspended with pay pending the outcome of a due process hearing to be held in accordance with School Board Policy pertaining to "Separation of Classified and Support Personnel".
 On December 17, 1993, Mr. Bujol received a letter from Dr. David Gullatt, Principal of Plaquemine High School and immediate supervisor of the two janitors, recommending that these men be dismissed. On December 17, 1993, Mr. Bujol sent letters by certified mail to both janitors advising them of Dr. Gullatt's recommendation, and calling a due process hearing for December 28, 1993.
 On December 28, 1993, a due process hearing was held with the Superintendent, the janitors, and various school Board staff members. As a result of this hearing, the Superintendent decided to recommend to the School Board at its next meeting on January 10, 1994 that the two janitors be dismissed. In the interim, the two janitors would be placed on suspension without pay after December 31, 1993 until the School Board meeting on January 10, 1994. This fact was conveyed to the two janitors in the Superintendent's letter dated December 29, 1993. At the School Board meeting on January 10, 1994, the School Board approved the Superintendent's recommendation in this matter.
 During the Spring of 1994, a trial was held at which time one of the janitors was found guilty of possession of cocaine with intent to distribute. The charges against the other janitor were dropped, since the janitor that was found guilty admitted that the cocaine belonged to him. In August of 1994, the attorney representing the other janitor requested that his client be reinstated to his former position since he had been exonerated of all charges. The Superintendent contacted Mr. Bob Hammonds, the attorney for the Louisiana School Board Association, who stated that in his opinion the School Board was under no obligation to re-hire the janitor who was exonerated of all criminal charges. At the School Board meeting of August 22, 1994, the Superintendent advised the School Board members of the letter and his conversation with Mr. Hammonds. The School Board took no action on this matter at that meeting.
 At the School Board meeting of September 12, 1994, the janitor who was exonerated of all criminal charges and his mother appeared before the Board and requested that he be reinstated to his former position. A motion was made to seek an Attorney General's Opinion as to whether or not the School Board was legally obligated to reinstate this janitor to his former position.
In a telephone conversation, you indicated that Mr. Cole is a non-tenured, non-classified employee. LSA-R.S. 17:81.5 requires each school board in the state to:
 Not later than January 1, 1988, each city and parish school board shall develop and adopt rules and policies which it shall use in dismissing school employees who have not attained tenure in accordance with applicable provisions of law and whose dismissal is not a result of reduction in force, as provided for in R.S. 17:81.4. The school board shall provide a procedure by which any employee, whose dismissal is governed by this Section, may participate in the development of the rules and policies. Such rules and policies shall be made available for public inspection within ten days after they are finally adopted.
The Iberville Parish School Board approved a policy complying with the above-stated statute for "Separation of Other Classified and Support Employees" in February of 1993. The policy as provided by your office states the following:
 Dismissal of any non-tenured employee shall be accomplished in accordance with the following procedure:
 (1) Any employee's immediate supervisor, who feels that dismissal of the employee is appropriate, shall make a written recommendation to the Superintendent or his designee outlining the reasons for the recommendation. The employee shall be provided a copy of such recommendation.
 (2) The Superintendent or his designee shall thereafter conduct a conference with the employee, the employee's immediate supervisor, and if needed other appropriate personnel. Those recommending the dismissal of the employee shall be asked therein to explain their reasons for such recommendation, and the employee shall be given the opportunity to rebut those reasons and/or to explain his position. The conference may be recessed if the Superintendent or his designee feels that additional information is needed before a decision can be made.
 (3) If, after considering the information presented in the conference and any other information considered important, the Superintendent or his designee feels that dismissal is appropriate, then the Superintendent or his designee shall make a written recommendation of dismissal to the School Board. The recommendation shall outline the reasons therefor, and a copy of this shall be provided to the employee.
 (4) The School Board will be asked to act upon the recommended dismissal at the next meeting following receipt of such written recommendation.
 (5) A non-tenured employee who has been recommended to the Board for dismissal shall not be entitled to a hearing before the Board, unless a majority of the members vote to afford one.
Provided this procedure is adhered to, the Iberville Parish School Board can dismiss a non-tenured, non-classified employee. In the present case, Mr. David Gullat, the Principal of Plaquemine High School, recommended that both janitors be dismissed from employment at the school as a result of their arrest on a charge of possession of crack cocaine with intent to distribute. Thereafter, Mr. Charles Bujol scheduled a conference with the appropriate personnel as required in their policy to discuss Mr. Gullat's recommendation. The meeting was scheduled for December 28, 1993 at 10:00 a.m. By letter dated December 13, 1993 the janitors-in-question were notified of the conference scheduled on December 28 as well as the nature of the hearing. The procedure to be used at the hearing was referenced in the letter. Subsequently, the Superintendent determined that the dismissals were appropriate and made such a recommendation to the School Board in a memorandum dated December 29, 1993. As required by the written procedure, the recommendation outlined the reasons for the recommendation to dismiss. The School Board considered the recommendation on January 10, 1994 at which time it was approved.
In Easterling v. Monroe City School Board, 612 So.2d 975
(La.App. 2 Cir. 1993), the Second Circuit found that the "school employee" in question was entitled to the protection of the school board's own written procedures as required to be written and complied with pursuant to LSA-R.S. 17:81.5.
In Harris v. West Carroll Parish School, 605 So.2d 610
(App. 2nd Cir. 1992) the Second Circuit Court of Appeal stated that the plaintiff in the case, a non-tenured employee, had no state or federally protected property interest in continued employment. The court stated that the only rights to which the plaintiff was entitled were those set forth in the procedures promulgated by the West Carroll Parish School Board.
In Wilhelm v. Vermilion Parish School Board, 598 So.2d 699
(App. 3rd Cir. 1992) the plaintiff, a non-tenured teacher, asserted that she was entitled to rights consistent with due process requirements to which the third circuit held that a non-tenured teacher does not have a protected property interest in his or her employment which entitles her to procedural due process.
In the present case, since the School Board complied with the Iberville Parish School policy pertaining to "Separation of Other Classified and Support-Employees" and since the janitor-in-question has no state or federally protected property interest in continued employment which would entitle him to procedural due process, the Iberville Parish School Board is not legally obligated to reinstate this non-tenured, non-classified employee. If the School Board elects to uphold their decision to terminate this employee, this action would appear to be legal.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 Beth Conrad Langston Assistant Attorney General
RPI/BCL/shc/opini37