822 So.2d 90 (2002)
Lorraine G. PALMER
v.
LOUISIANA STATE BOARD OF ELEMENTARY AND SECONDARY EDUCATION
No. 2001 CA 1538.
Court of Appeal of Louisiana, First Circuit.
June 21, 2002.
*91 David K. Nelson, Baton Rouge, for Appellee Plaintiff Lorraine G. Palmer.
Veronica L. Howard, Baton Rouge, for Appellant Defendant Attorney General, Richard P. Ieyoub, on behalf of the State Board of Elementary And Secondary Education.
Before: FOIL, PETTIGREW and KLINE,[*] JJ.
FOIL, J.
This appeal contests a trial court's determination that a school board illegally terminated a non-tenured school teacher because the decision not to renew the teacher's one-year contract was not made with valid written reasons. We reverse.

BACKGROUND
Louise Palmer was employed by the Special School District # 1 (SSD) as a nontenured special education teacher at the Jetson Correctional Center for Youth for two school years, 1998-1999 and 1999-2000. Her employment was pursuant to two one-year contracts. The contract for the school year 1999-2000 set forth that it was to be effective for that school year only, with salary commencing on July 1, 1999.
On June 19, 2000, Mr. Calvin Dees, Principal for the Jetson Correctional Center, wrote a letter to Mr. Lester Klotz, the State Director for SSD, recommending that Ms. Palmer's employment not be renewed for the 2000-2001 school year. By letter dated June 20, 2000, Ms. Palmer was notified by Mr. Klotz that her employment would not be renewed, and that her last day of work for SSD # 1 would be June 30, 2000.
An executive summary, prepared by Mr. Klotz, and approved by Superintendent Cecil Picard, was submitted to the Louisiana Board of Elementary and Secondary Education (BESE), which acts as the local school board for SSD. The summary included personnel actions and employment recommendations for the 2000-2001 school year, including the recommendation that Ms. Palmer not be offered a contract for *92 the 2000-2001 school year. BESE accepted and approved the executive summary at its June 22, 2000 meeting.
Thereafter, on July 25, 2000, Ms. Palmer filed this lawsuit against BESE asserting that she was a probationary teacher whom BESE could not dismiss or discharge absent a written recommendation of the head of the special school accompanied by valid reasons pursuant to La. R.S. 17:45. She asserted that BESE attempted to circumvent La. R.S. 17:45 by discharging her under the guise of a "non-renewal" of her contract. She sought a declaratory judgment decreeing that BESE violated the law by refusing to continue her employment absent written recommendation from the SSD superintendent accompanied by valid reasons for her dismissal and/or discharge. She also asked for a judgment ordering her reinstatement as a probationary teacher at Jetson, together with back wages and all other emoluments of her position.
BESE urged that it was under no legal mandate to offer Ms. Palmer an employment contract for the 2000-2001 school year. It further alleged that the action at issue was the non-renewal of a probationary teacher's contract, and not a dismissal or discharge which had to be accompanied by valid reasons.
Both parties filed motions for summary judgment. The trial judge granted Ms. Palmer's motion on the issue of liability, finding that she was improperly dismissed. The court left open the question of the type of damages to be awarded to Ms. Palmer, granting the parties time to meet and agree upon stipulated relief.[1]
This appeal, taken by BESE, followed.

DISCUSSION
This court reviews a summary judgment de novo under the same criteria that governs the trial court's consideration of whether summary judgment is appropriate. Summary judgment shall be granted when it is shown that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966B.
It is undisputed that BESE was not provided with a written recommendation accompanied by valid reasons for the superintendent's decision not to offer Ms. Palmer a third one-year contract. Thus, this case presents a single legal issue, that is, whether BESE violated La. R.S. 17:45 when it decided not to offer Ms. Palmer a contract for a third probationary year without receiving valid reasons' from the school superintendent accompanying the written recommendation not to renew her contract.
La. R.S. 17:45 provides, in pertinent part, as follows:
Each teacher shall serve a probationary term of three contract years to be computed from the date of his first appointment in the special school in which the teacher is serving his probation. During the probationary term, the board may dismiss or discharge any probationary teacher upon the written recommendation of the superintendent or other head or director of the special school accompanied by valid reasons therefor.
*93 Ms. Palmer insists that BESE violated La. R.S. 17:45 by terminating her employment without following the mandatory requirements of that provision. She contends that La. R.S. 17:45 requires that the employment of a probationary special school teacher continue unless and until the superintendent or other head of the special school recommends dismissal in writing accompanied by valid reasons. Ms. Palmer thus suggests that La. R.S. 17:45 vests a probationary teacher with a "right" to continued employment, or a right to a "three-year probationary term."
We disagree with this construction of the statute. The rules of statutory construction require that the general intent and purpose of the legislature in enacting the law must, if possible, be given effect. The statute must be applied and interpreted in a manner which is consistent with logic and the presumed fair purpose and intention of the legislature in passing it. City of Pineville v. American Federation of State, County, and Municipal Employees, XXXX-XXXX, p. 4 (La.6/29/01), 791 So.2d 609, 612.
Our starting point in the analysis is the differing constructions given by the parties to the probationary term. Ms. Palmer insists that term is three years from the date of hire. However, according to the plain wording of La. R.S. 17:45, the probationary term is three contract years. Pursuant to Ms. Palmer's contract, she was hired for the school term. Thus, her probationary term was the scholastic year.
Ms. Palmer was not dismissed or discharged during her probationary period. Rather, the school board simply determined not to renew her contract for a third probationary year after she had completed her second probationary year. We conclude the non-renewal of a probationary teacher's contract after completion of the school term for which she was hired to teach, prior to the expiration of the three-contract-year probationary term, does not fall within the purview of La. R.S. 17:45.
Furthermore, we find nothing in the language of La. R.S. 17:45 that would afford a probationary teacher a right to a third contract in the absence of valid reasons for the decision not to offer the employee that contract. Ms. Palmer's argument attempts to destroy one of the crucial distinctions between tenured and non-tenured status. A probationary employee has no reasonable expectation of continued employment, whereas a tenured employee does. This is why the courts have consistently held that a probationary teacher does not have a constitutionally protected property right to continued employment. See McKenzie v. Webster Parish School Board, 609 So.2d 1028 (La.App. 2 Cir.1992) (and cases cited therein). To accept Ms. Palmer's construction of the statute would raise the status of a probationary teacher to that of a tenured teacher. Obviously, the legislature had no such intent in enacting La. R.S. 17:45. Pursuant to this provision, each teacher, before being eligible for tenure, must serve a probationary term of three contract years. The statute simply does not give a probationary teacher a right to continued employment during the probationary term.
Accordingly, we find that the trial judge erred in concluding that valid reasons had to accompany the recommendation not to renew Ms. Palmer's contract for a third school year. That ruling is hereby reversed, and judgment is entered dismissing this lawsuit. All costs of this appeal are assessed to appellant, Louise Palmer.
REVERSED AND RENDERED.
NOTES
[*] Judge William F. Kline, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.
[1] The parties submit that the trial judge awarded Ms. Palmer the difference between her current salary and scheduled salary at Jetson for the 2000-2001 school year, plus all emoluments that BESE and/or Jetson would have paid or provided to her had she been employed at Jetson. This portion of the judgment does not appear in the record. Although BESE assigns the damage award as an error, because of our resolution of the liability issue, we pretermit all discussion of this assignment of error.