# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 14, 2013

No. 12-30789
Summary Calendar

Lyle W. Cayce
Clerk

STEPHEN RUSH LINZAY,

Plaintiff-Appellant

v.

SCHOOL BOARD OF NATCHITOCHES PARISH; DERWOOD DUKE, in his
official capacity as superintendent,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-00077

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Stephen Rush Linzay appeals the district court's dismissal of his 42 U.S.C.
§ 1983 claim for failure to state a claim upon which relief can be granted.  Linzay
asserts he had a property interest in his job as a certified probationary teacher
and coach, and that Appellees violated his Fourteenth Amendment right to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-30789

procedural due process by terminating Linzay without providing him written reasons and an opportunity to be heard before termination.

We review *de novo* the district court's dismissal. *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 133 (5th Cir. 2009). We may affirm the district court's judgment on any basis supported by the record. *United States v. Taylor*, 482 F.3d 315, 318 (5th Cir. 2007).

We have ruled that former La. Rev. Stat. § 17:442—the version of the statute at issue here—does not provide the basis for a probationary teacher to claim a property interest in his job.[1] *Noel v. Andrus*, 810 F.2d 1388, 1390 (5th Cir. 1987). Louisiana courts have held the same. *See, e.g., McKenzie v. Webster Parish Sch. Bd.*, 609 So. 2d 1028, 1031 (La. Ct. App. 1992). Furthermore, as the district court noted, "Louisiana jurisprudence has been clear for almost twenty years" that certified probationary teachers do not enjoy due process protection under La. Rev. Stat. § 17:81.5 because they are not "school employees" within the meaning of the statute. Dist. Ct. Ruling Granting Mot. to Dismiss at 3 n.1 (citing *Wilhelm v. Vermilion Parish Sch. Bd.*, 598 So. 2d 699, 701 (La. Ct. App. 1992)). Therefore, we AFFIRM.

---

[1] Louisiana amended La. Rev. Stat. § 17:442 in 2012. 2012 La. Acts 1 § 3.