MURPHY, J.,
concurs in part and dissents in part, with reasons.
Iil concur with the majority that plaintiff, Steve Barton, was wrongfully suspended and discharged from his position of employment by defendant, the Jefferson Parish School Board (“the School Board”). I respectfully dissent, however, from the majority’s conclusions regarding the amount of damages plaintiff is entitled to recover from the School Board, as well as from the affirming of the trial’s court’s ruling regarding the restrictions placed by the trial court upon the reinstatement of plaintiffs employment with the School Board.
The current version of La. R.S. 17:442(B)[1] leaves no doubt as to the legislature’s intent that a teacher who has not achieved tenure is an “at will” employee of the school board. The prior version of the statute, applicable to plaintiffs employment, was devoid of this clarifying language. Before amendment, La. R.S. 17:442 provided that a non-tenured teacher was required to serve a three-year “probationary term,” during which time he or she could be dismissed “upon the written recommendation of the parish or city superintendent of schools, as the case may be, accompanied by valid reasons therefor.”
| ¡As to plaintiffs employment by the School Board, the only evidence in the record regarding plaintiffs term of employment was his petition for damages that indicated his contract with the School Board was for a “fixed term to end at the end of the academic year 2011-12.” Louisiana courts previously tacitly acknowledged the practice of school boards employing probationary teachers using contracts for varying terms, and did not forbid or disparage the use of same. State ex rel. Nobles v. Bienville Parish School Board, 198 La. 688, 4 So.2d 649 (La.1941); McKenzie v. Webster Parish School Board, 609 So.2d 1028 (La.App. 2 Cir.1992).
In Palmer v. La. State Bd. of Elem. & Secondary Educ., 02-2043 (La.04/09/03), 842 So.2d 363, the Louisiana Supreme Court opined that the term of a contract could not be used to circumvent the notice requirement due a probationary special school teacher if termination, or non-renewal of a contract, occurred within the three-year probationary period. Thus, the holding in Palmer ensured that non-tenured teachers were afforded the same protection with respect to notice as those who had achieved tenure.
In this case, the School Board went through the prescribed process to discharge plaintiff, including providing the proper notice. However, the majority *327 would expand Palmer, supra, (impermissi-bly in my opinion) to automatically extend plaintiffs employment contract to a three-year term and then award him damages equal to the length of that term. I strongly disagree with the majority’s reasoning and interpretation of Palmer that would provide a guaranteed three-year term of employment to probationary teachers such as plaintiff. Contrary to the majority’s finding, Palmer clearly emphasized that probationary teachers, such as plaintiff, do not have a |¡¡property interest[2] in the renewal of their teaching contracts. Palmer, supra at 370-371. See also McKenzie v. Webster Parish School Board, supra, Muse v. La. State Bd. of Elem. & Secondary Educ., 2007-1146 (La.App. 1 Cir. 02/08/08), 977 So.2d 305. Accordingly, in the instant case, I would hold that Palmer dictates that plaintiffs probationary period did not create any property rights, much less a three-year employment contract. I find this position to be supported by the previous version of La. R.S. 17:442 in effect at the time of plaintiffs employment, which provided a process through which a teacher “found unsatisfactory” could be discharged prior to the completion of the three-year probationary period so long as valid reasons for his discharge have been expressed in writing by the superintendent. McKenzie, supra.
The majority cites La. C.C. art. 2749, Graham v. Magnolia School, Inc.,[3] and Dunn v. Bessie F. Hiem School, Inc.,[4], for the general proposition that a term employee[5] who was been wrongfully terminated is entitled to receive the balance he otherwise would have been paid under the contract. In my opinion, Graham and Dunn are distinguishable from the instant case, as these cases involved contracts between teachers and private schools, and the courts applied La. C.C. art. 2749 as a remedy for breaches of contract in which the plaintiffs did have a property interest.
| ¿Further, the majority holds that because the parties stipulated that plaintiff would have earned One Hundred and Thirty-Eight Thousand Dollars ($138,000.00) from the date of his suspension through the end of the 2014 school year, roughly two and one-half years, plaintiff should be entitled to recover that full amount from the School Board. However, the parties *328 also stipulated that the amount plaintiff would have earned for his one-year contract with the School Board was Fifty-Seven Thousand One Hundred Forty-Nine Dollars ($57,149.00).[6] I do not consider the stipulated amount of $138,000.00 to be a contractual agreement between the parties as to liquidated damages or a “confession of judgment,” any more than I would find the stipulation as to $57,149.00 to serve the same purpose; I thus disagree with plaintiffs contention that evidence of such is ascertained from the record. To award plaintiff damages in this case equal to an additional two and one-half year’s salary assumes that he would have chosen to remain in the employ of the Jefferson Parish school system beyond his one-year contract and that his performance would have been found satisfactory for the remainder of his probationary period. As this Court is constrained only to follow evidence contained within the record, I find the award of damages by the majority to be unsupported.
Based on the foregoing, I would amend the trial court’s award of damages to Twenty-Eight Thousand Five Hundred Dollars ($28,500.00), representing roughly the balance owed plaintiff on his one-year contract.[7]
| ¡¿Because I would award plaintiff roughly the full amount owed him under his one-year contract, I find the issue of mitigation of damages unnecessary to address.
I would also reverse the trial court’s ruling that restricted plaintiffs reinstatement “to work with Jefferson Parish high school students, only.” I find that evidence not substantial enough to justify a termination of plaintiffs employment should not be used to arbitrarily restrict the terms of his employment upon reinstatement. This is especially true in the instance, as in this case, where no such restriction was previously imposed upon plaintiff by the School Board. Such a ruling by the trial court is a de facto substitution of its own judgment for that of the School Board, which constitutes interference with the School Board’s good faith exercise of discretion. McLaughlin v. Jefferson Parish School Board, 560 So.2d 585 (La.App. 5th Cir.1990). School boards have great discretion with respect to the hiring and firing of its non-tenured employees. Ventroy v. Lafayette Parish Sch. Bd., 08-1249 (La.App. 3 Cir. 4/01/09), 6 So.3d 1039.
In conclusion, for the foregoing reasons, I concur in the reversal of plaintiffs suspension and termination by the School Board, but would amend the trial court’s judgment on the issue of damages and award plaintiff $28,500.00 in damages, and would reverse the trial court’s judgment on the issue of plaintiffs terms of reinstatement as noted above.
GRAVOIS, J., concurs in part and dissents in part, for the reasons stated by MURPHY, J.

. This section presently provides: "A teacher who is not awarded tenure remains an at-will employee of the public school board or the special school district but shall acquire tenure upon meeting the criteria established in Subsection A of this Section.”

.According to Professor A. Yiannopoulos: "Accurate analysis should reserve the use of the word property for the designation of rights that persons have with respect to things.” A. Yiannopoulos, Property, 1 La. Civil Law Treatise § 1 (3d ed. 1991). Accord, State ex rel. Department of Tramp. & Dev. v. Chambers Inv. Co., 595 So.2d 598 (La.1992).
As noted by the Louisiana Supreme Court in Palone v. Jefferson Parish School Board, 306 So.2d 679, 682 (La.1975): "The Teacher Tenure Act is designed to protect the job security of teachers in the best interest of the public school system.” The court in Palmer, supra, noted that non-tenured teachers in the public elementary and secondary school systems had the benefit of the same level of protection to tenured status teachers by virtue of La. R.S. 17:442. Palmer at 369. Thus, under the version of La. R.S. 17:442 in effect at the time of plaintiff's employment, it appears that a major benefit offered to probationary teachers was the "protection” of notice given them in the event that their service would be terminated.

. 297 So.2d 435 (La.1974).

. 209 So.2d 538 (La.App. 4 Cir.1968), writ refused, 252 La. 469, 211 So.2d 331 (1968).

. Under the fixed term employment of La. C.C. art. 2749, when the parties enter into a contract of employment for a definite term, an employer must show good or just cause for terminating the employee during that term. See Griffith v. Sollay Found. Drilling, Inc., 373 So.2d 979 (La.App. 3 Cir.1979); Bartlett v. Doctors Hosp. of Tioga, (La.App. 3 Cir.1982), 422 So.2d 660, writ denied, 427 So.2d 869 (La.1983); Wiley v. Mo. Pacific R.R. Co., 430 So.2d 1016 (La.App. 3 Cir.1982), writ denied, 431 So.2d 1055 (La.1983).

. If Graham and Dunn did apply, as the majority suggests, and if the only evidence in the record is that plaintiff's contract was for a term of one year, then it would follow that plaintiff’s award of damages for wrongful discharge would only be for the remainder of the unexpired term, as calculated below.

. This amount assumes equal monthly payments over a school year that begins in August, 2012; $57,149.00 (for one-year’s salary) divided by 12 equals roughly $4,750.00 per month; $4,750.00 times six months (February of 2012 through July of 2012) equals $28,500.00.