DIXON, Justice.
This suit seeks wages under a contract of employment. The contract in question provides:
“IT IS AGREED by and between the Board of Directors of Magnolia School, Inc. of New Orleans, party of the first part, and Daniel F. Graham, party of the second part, that the Board of Directors has employed and does hereby engage and employ the party of the second part as Executive Director of the Magnolia School from the first day of May, 1956, to the first day of May, 1959, at a salary of $9,000 annually, to be paid in equal monthly installments, less contributions to be paid to Social Security or other proper deductions so stipulated by the Local, State or National Government. One month each year shall be allowed to the party of the second part, to care for vacation or personal business.
“AND IT IS FURTHER AGREED by the parties hereto that this contract may continue in force year after year, with the right of the Board of Directors to increase the compensation over the amount herein stated from time to time without invalidating any provisions of this contract, unless terminated by the *436 party of the second part or by written notice of the Board of Directors presented sixty days prior to severance.”
The plaintiff’s employment was terminated on August 29, 1968 by written notice. He was paid two months salary and subsistence at the time of termination.
Plaintiff then instituted this suit alleging that the termination was without cause and in violation of the employment contract, rendering defendant liable for wages for the remainder of the year.
The trial court granted judgment in favor of plaintiff, finding there was no cause for plaintiff’s dismissal and that the contract was for employment by the year with the parties having the power to terminate the agreement with written notice sixty days prior to lapse of the term. The Court of Appeal reversed, finding that the contract permitted termination of the employment by giving of sixty days written notice at any time. We granted certiorari.
Graham contends that after the primary term of three years the contract then provided for employment by the year with either party having the right to terminate by taking the appropriate action prior to lapse of the term.
Magnolia School, on the other hand, contends that after lapse of the primary term the employment became one for an indefinite period terminable at any time by the parties. And, alternatively, that if the employment was one for a fixed term, the contract permitted termination during the term.
We construe the agreement as follows:
The agreement consists of two provisions independent of each other, one of which controlled with respect to the initial period of employment and the other after that term.
The provision which came into effect after the initial period obviously intended to modify the original agreement with respect to term, compensation and to provide for a method of termination.
We believe the intent of the parties was to continue the employment in increments of one year. The contract provides that the employment shall continue “year after year.” Although this phrase may also be interpreted to mean merely an indefinite period of employment, we do not think such a construction is reasonable in light of the nature of the employment. Such a factor may be properly considered in determining the contemplated term of employment where the intent of the parties may not be clear. See Chenet v. Libby & Blouin, Ltd., 156 La. 503, 100 So. 697 (1924). See also Russell v. White Oil Corp., 162 La. 9, 110 So. 70 (1926). The business of educating children proceeds on an annual basis. Programs and instruction are begun and reach fruition yearly. Raises were granted on a yearly basis, and salary was specified in annual terms. Under the circumstances the reasonable construction of the intent of the parties in using “year after year” in the agreement is that the employment was intended to be in yearly increments. See Chenet v. Libby & Blouin, Ltd., supra.
The school argues that the phrase “prior to severance” which is preceded by the notice requirements clearly evidences an intent that the agreement be terminable at any time by compliance with the notice requirements.
The tenor of the entire agreement establishes that the parties intended that the agreement could not be terminated at the lapse of a period or term. This was true of the initial and secondary terms. The use of the term, “prior to severance,” merely fixes a time period for notice in advance of the end of the contract period in the event the board of directors decided against renewal.
For the reasons assigned, the judgment of the Court of Appeal is reversed and the judgment of the trial court is reinstated.