452 So.2d 392 (1984)
Raymond ARVIE, Plaintiff-Appellant,
v.
CENTURY TELEPHONE ENTERPRISES, INC., et al., Defendants-Appellees.
No. 83-734.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
William R. Boles, Jr., Monroe, for defendants-appellees.
Before CUTRER, DOUCET and YELVERTON, JJ.
CUTRER, Judge.
The sole issue presented by this appeal is whether the trial court correctly sustained defendant's exception of one year prescription to Raymond Arvie's suit alleging wrongful employment discharge.
The plaintiff filed suit alleging that his former employers, Century Telephone Enterprises, *393 Inc. and Evangeline Telephone Company, had wrongfully discharged him from employment. The trial court held that the one year prescriptive period applied and ordered a dismissal of the suit. Plaintiff appeals, we affirm.

FACTS
The plaintiff was employed on October 13, 1980, by defendants as an installer-repairman, earning $9.00 per hour, when he sustained a job-related injury. After this injury, the plaintiff was discharged from his employment on December 17, 1980.[1] The plaintiff filed suit more than two years later on January 21, 1983, alleging that he was wrongfully discharged. The plaintiff alleges that the discharge was wrongful because he was discriminated against in two ways: First, his discharge was brought about by the fact that he had a workmen's compensation claim against defendants and a discharge was in violation of LSA-R.S. 23:1361. Secondly, plaintiff alleges that he was discriminated against by virtue of his race. The plaintiff seeks reinstatement with back pay or, in the alternative, reimbursement in the form of damages. There is no contention that plaintiff had entered into a written contract for a fixed term. He was employed on a day-to-day basis.
It is plaintiff's position that his main demand (reinstatement and back pay) is a demand in contract and is subject to a ten year prescriptive period under LSA-C.C. art. 3544.[1a]
In support of this position, plaintiff cites an article appearing in the legal publication known as "Trial." This article states that some jurisdictions are holding that, even though a person's employment is not for a fixed term (as was the plaintiff's situation in this case), there existed an implied contract between the employee and employer, that imposes upon the employer a contractual duty to discharge or terminate employment only for good and just causes. The article cites a Michigan case for this view.
While this rule of implied contract may be applicable under Michigan law, it is not the law of this state. We have been cited no law, nor do we find any provision, that reads such an implied contract into an employee-employer relationship in this state.[2] Thus, a contract prescriptive period is not applicable to the action of plaintiff.
The plaintiff next contends that, since his wrongful discharge arose out of discrimination on the basis of race, it is subject to a three year prescription, citing the case of Eakin v. Ascension Parish Police Jury, 294 So.2d 527 (La.1974). That case involved an action based upon sex discrimination and was brought under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. Sec. 201 et seq. This act contained specific prescription periods, one of which was three years, which was applied in that case.
The allegation of plaintiff in this case refers to discrimination on the basis of race. This action arises under the Civil Rights Act of 1964. Such actions are prescribed by a one year prescriptive period. This issue was addressed in the case of Page v. U.S. Industries, Inc., 556 F.2d 346 (5th Cir.1977), cert den., 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978). The case involved a claim by an employee that he was wrongfully discharged due to race. The court held as follows:

"In Sims v. Orleans Railway & Light Co., 134 La. 897, 64 So. 823 (1914), the Louisiana Supreme Court defined `offenses and quasi-offenses' as infringements *394 of some right personal to the individual or the violation of some duty imposed by law. Louisiana federal district courts have used this definition to hold that actions under 42 U.S.C. § 1983 for state deprivations of civil rights constitute `offenses and quasi-offenses' with the prescriptive period of one year found in La. Civ. Code art. 3536. See Heyn v. Board of Supervisors, 417 F.Supp. 603, 604-05 (E.D.La. 1976); Whitsell v. Rodrigues, 351 F.Supp. 1042, 1044 (E.D.La.1972). Similarly, we believe that the definition of `offenses and quasi-offenses' includes actions under section 1981. As we noted recently, section 1981 cases arise independently of any contractual agreement between employee and employer, see Ingram, supra at 1263; instead, they arise from the employer's violation of his duty not to violate the plaintiff's civil rights secured under section 1981. Cf Loggins v. Steel Construction Co., 129 F.2d 118 (5th Cir.1942) (alternative holding that art. 3536 applied to violation of positive provisions of Fair Labor Standards Act). When an employer discriminates on the basis of race in violation of section 1981, he has violated a duty imposed by lawhe has committed an `offense or quasi-offense.' Thus, actions giving rise to section 1981 claims are proscribed by the one-year provision of Louisiana Civil Code art. 3536. See O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914)"

See also, Jones v. Orleans Parish School Bd., 679 F.2d 32 (5th Cir.1982), cert den., ___ U.S. ___, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983).
In the case at hand, a discrimination action based upon race is prescribed by one year prescription.
As to the allegation that plaintiff was wrongfully discharged due to the assertion of a workmen's compensation claim, this claim is likewise a discrimination claim. The statute which serves as a basis for this claim is LSA-R.S. 23:1361 which provides as follows:
"A. No person, firm or corporation shall refuse to employ an applicant for employment because of such applicant having asserted a claim for worker's compensation benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Section shall require a person to employ an applicant who does not meet the qualifications of the position sought.
"B. No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.
"C. Any person who has been denied employment or discharged from employment in violation of the provisions of this Section shall be entitled to recover from the employer or prospective employer who has violated the provision of this Section a civil penalty which shall be the equivalent of the amount the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of the discharge, as the case may be, but not more than one year's earnings, together with a reasonable attorney's fee." (Emphasis added.)
The underlined portion of this provision labels the action as a discrimination, the violation of which creates a civil liability for one year's wages and attorney's fees. No prescriptive period is set forth. This action is likewise barred by a one year prescription. Stephens v. Justiss-Mears Oil Company, 300 So.2d 510 (La.App. 3rd Cir.1974) holds that such an action is a tort.
In conclusion, we find that the plaintiff has stated one cause of action and that is for wrongful discharge which is a tort. Tort actions are barred by one year prescription *395 under LSA-C.C. art. 3536. The trial court correctly sustained the exception of prescription filed by defendants.
For these reasons, the judgment of the trial court is affirmed. Costs of this appeal shall be paid by appellant, Raymond Arvie.
AFFIRMED.
NOTES
[1] The plaintiff filed a workmen's compensation suit on March 16, 1981. This claim was settled in July 1982.
[1a] This cause of action arose prior to the 1984 amendments to the prescriptive articles. Therefore, the articles cited are those in effect at the time the cause of action arose.
[2] A person, who is employed on a day-to-day basis as was the plaintiff herein, can be dismissed at the will of the employer. The only limitation on the employer's "at will" dismissal is the discrimination provisions of the law.