### Jerry L. YOUNG

v.

### MARTIN MARIETTA CORPORATION.

Civ. A. No. 88–3781.

United States District Court,
E.D. Louisiana.

Dec. 21, 1988.

David A. Paysse, New Orleans, La., for plaintiff.

Deutsch, Kerrigan & Stiles, Janet L. Mac Donell, Robert E. Kerrigan, Jr., James G. Wyly, III, New Orleans, La., for Martin Marietta Corp.

## ORDER AND REASONS

FELDMAN, District Judge.

Plaintiff, Jerry L. Young, worked for defendant Martin Marietta at its New Orleans, Louisiana facility from February 27, 1980 until April 11, 1986, when he was released from employment. Plaintiff was a participant in defendant's employee benefit plan that provided, among other things, medical, dental, life, disability, special accident, and retirement income benefits.

On December 12, 1981, plaintiff's wife was involved in a disabling accident from which the plaintiff incurred substantial medical expenses. His wife was covered by certain insurance benefits under the Martin Marietta employee benefit plan; however, the plaintiff claimed that not all the benefits owed to him under the plan were paid.

After exhausting administrative remedies to recover the unpaid plan benefits, the plaintiff, on March 20, 1986, filed suit against Martin Marietta in Mississippi in state court. That case was removed to federal court. One week after plaintiff filed suit, he received notice that he was discharged from employment at Martin Marietta effective April 11, 1986.

Twenty-two months later, on February 9, 1988, plaintiff filed the present suit alleging violations of ERISA and Mississippi state law. Plaintiff here claims that defendant wrongfully discharged him in retaliation for his suit to recover benefits under the plan, and that this wrongful discharge violated 29 U.S.C. § 1140 and Mississippi law.

Defendant contends that plaintiff's state law claim is preempted by ERISA and that plaintiff's ERISA claim has prescribed. Thus, defendant moves this Court to dismiss plaintiff's complaint under Fed.R.Civ. Pro. 12(b)(6) or for summary judgment. Defendant's motion is GRANTED.

### I. Plaintiff's State Law Claim

As plaintiff concedes in his opposition to this motion, ERISA preempts any state law cause of action that arises out of the same facts as the plaintiff's ERISA claim, unless certain exceptions, not available here, apply. *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). *See also Rollo v. Maxicare of Louisiana*, 695 F.Supp. 245 (E.D. La.1988). Here plaintiff alleges that defendant violated Mississippi law by wrongfully discharging him and interfering with his rights under the employee benefit plan. Because this cause of action is clearly covered by ERISA, and because none of the preemption exceptions apply,[1] plaintiff's state law claim is preempted by ERISA and must be dismissed.

### II. Plaintiff's Cause of Action Under ERISA: The Statute of Limitations Question

ERISA contains no statute of limitations provision for causes of action under 29 U.S.C. § 1140. The Supreme Court, in *Wilson v. Garcia*, 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1941–42, 85 L.Ed.2d 254 (1985), held that where Congress has not established a time limitation for a federal cause of action, courts should "adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so."

The Fifth Circuit has never addressed the limitation issue presented by this lawsuit. However, the Third Circuit and the District Court of New Jersey have confronted this question, and their decisions

---

**1.** See *Rollo v. Maxicare of Louisiana*, 695 F.Supp. 245 (E.D.La.1988) for a discussion of the preemption exceptions.

provide a helpful starting point for this Court's analysis.

In *Gavalik v. Continental Can Co.,* 812 F.2d 834 (3d Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 495, 98 L.Ed.2d 492 (1987), class action plaintiffs alleged that defendant violated 29 U.S.C. § 1140 when it adopted a liability avoidance program in order to prevent class members from achieving eligibility for certain pension benefits. Defendant moved to dismiss plaintiffs' complaint, arguing that either the statute of limitations for state personal injury actions or for breach of collective bargaining agreements applied to bar the plaintiffs' suit.

The court, however, held that wrongful discharge claims under ERISA were more analogous to state employment discrimination claims, noting that "[t]he gravamen of appellants' complaint ... is that they were singled out for adverse treatment on the basis of their unvested pension eligibility." *Id.* at 846. Hence the court applied the limitation period of the Pennsylvania employment discrimination statute to the plaintiffs' claim.

The Third Circuit was impressed with a District Court of New Jersey case, *McClendon v. Continental Group, Inc.,* 602 F.Supp. 1492, 1503–04 (D.N.J.1985), in which the court explored the common underpinnings of actions under 29 U.S.C. § 1140 and Title VII:

> Just as Title VII does not guarantee employment, section 510 of ERISA [29 U.S.C. § 1140] does not guarantee pension benefits; similarly, as Title VII prohibits discrimination on the basis of race with respect to such employment, so does section 510 prohibit discrimination with respect to pension benefits on the basis of one's proximity to such benefits.

The Third Circuit found the district court's analogy between actions under 29 U.S.C. § 1140 and Title VII discrimination suits "appropriate." 812 F.2d at 847.

Like the Third Circuit in *Gavalik,* this Court finds that plaintiff is essentially complaining about employment discrimination.

He asserts that he was singled out for adverse treatment by Martin Marietta because he sued his employer. *See, e.g., Goff v. Continental Oil Co.,* 678 F.2d 593, 598 (5th Cir.1982) (claim of retaliation in response to filing a suit against employer is itself a discrimination claim). Being singled out for adverse treatment is central to his case; it gives content to the wrong allegedly committed upon him. Plaintiff's entire theme against Martin Marietta is that his employer's conduct is the functional equivalent of prohibited discrimination.

Unlike Pennsylvania, however, Louisiana does not have a general employment discrimination statute. Here, discrimination plaintiffs must rely on general tort concepts. And the Louisiana Civil Code provides a one year statute of limitations for delictual actions.[2]

For example, in *Jones v. Orleans Parish School Board,* 688 F.2d 342 (5th Cir.1982), *cert. denied,* 461 U.S. 951, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983), plaintiff, a black school teacher, alleged that he had been discharged unlawfully because of his race. The Fifth Circuit held that plaintiff's claim was time-barred because his alleged wrongful discharge was an "offense or quasi-offense" within the meaning of La.Civ.Code art. 3536 (now La.Civ.Code art. 3492). The court applied the one year prescriptive period to the plaintiff's case and dismissed it because more than a year had passed from plaintiff's discharge to his commencement of the discrimination action.

Louisiana courts have consistently applied this one year prescriptive period to actions for wrongful discharge. In *Arvie v. Century Telephone Enterprises, Inc.,* 452 So.2d 392 (La.App. 3d Cir.1984), where plaintiff alleged that his employer had discharged him in retaliation for filing a workmen's compensation claim, the court held that the claim was a "discrimination claim" and that the action was "barred by a one year prescription." *Id.* at 394. *See also, Dean v. Nunez,* 503 So.2d 212 (La.App. 4 Cir.1987), *cert. denied,* 506 So.2d 1229 (La. 1987), (Louisiana's one year prescriptive pe-

---

**2.** La.Civil Code art. 3492 provides, "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."

riod for delictual actions brought under the general tort article applies to cause of action most analogous to suits under Section 1983, so that the tort prescriptive period applies to wrongful discharge suits brought in Louisiana).

Plaintiff argues that the ten year prescriptive period applicable to Louisiana actions in contract should apply, rather than the one year prescriptive period for delictual actions. But plaintiff points to no law holding that an employee's loss of employment benefits due to wrongful discharge gives rise to an action in contract. On the contrary, Louisiana jurisprudence clearly holds that retaliatory discharge is a tort. Furthermore, plaintiff did not have an employment contract with Martin Marietta.

■ This Court holds that under Louisiana law a claim for retaliatory discharge sounds in delict, not in contract. Thus, the prescriptive period applicable to plaintiff's claim under 29 U.S.C. § 1140 is one year. Because the prescriptive period under La. Civ.Code art. 3492 begins to run from the day the injury is sustained, and because plaintiff filed suit more than one year after the allegedly wrongful discharge, plaintiff's claim under ERISA has prescribed and must be DISMISSED.

Accordingly, for the foregoing reasons, plaintiff's complaint is dismissed with costs. Judgment will be entered.