862 So.2d 1182 (2003)
Quinden J. CHANDLER, Plaintiff-Appellant,
v.
Ed KENYAN, et al., Defendants-Appellees.
No. 38,084-CA.
Court of Appeal of Louisiana, Second Circuit.
December 19, 2003.
*1183 Perkins & Associates, Ltd. by Mark A. Perkins, Kerry W. Cockrell, Shreveport, for Appellant.
R. Lane Pittard, Bossier City, James M. Johnson, Minden, for Appellees, Edwin L. Kenyan and Kenyan Enterprises, Inc. Appellee.
Before BROWN, GASKINS and CARAWAY, JJ.
GASKINS, J.
The plaintiff, Quinden J. Chandler (Chandler), seeks reversal of the trial court judgment granting an exception of prescription in favor of the defendants, Edwin L. Kenyan (Kenyan) and Kenyan Enterprises, Inc. (Kenyan, Inc.). The court dismissed the plaintiff's suit to recover damages for breach of an employment contract. For the following reasons, we reverse the trial court judgment and remand for further proceedings.

FACTS
On November 27, 2000, Chandler began working as chief operations officer of Kenyan, Inc. in Springhill, Louisiana. The company operates several grocery stores in that area. According to Chandler, he entered into an employment contract with the defendants. He bases his claim upon an agreement, entitled "Offer of Employment," executed by the parties on November 30, 2000. The document outlined Chandler's salary for a period of two years, fixed the criteria for bonuses, retirement benefits, and specified vacation and personal leave periods.
According to Chandler, Kenyan refused to comply with the terms of the contract. The plaintiff claims that Kenyan objected to vacation time and personal days taken by Chandler. The plaintiff contends that on June 11, 2001, Kenyan threatened him with termination if the conditions at a particular store did not meet Kenyan's standards. Chandler responded that he was working to address the problem and then told Kenyan that he was going home.
When Chandler reported for work on June 12, 2001, Kenyan insisted that Chandler had resigned the day before. Another argument ensued, and according to Chandler, Kenyan terminated him. He asked Kenyan to document the termination in writing. Kenyan's letter stated that Chandler resigned. Chandler made demand upon the defendants for $271,000, which he claims was the salary and bonuses for the remainder of the two-year period covered by his employment contract. The suit also seeks payment of damages in the amount of wages for 90 days, along with reasonable attorney fees under La. R.S. 23:632.
The defendants filed an exception of no cause of action, claiming that Chandler *1184 was an "at will" employee and did not have an employment contract for a specified period of time. Absent evidence of a contract of employment for a certain duration, the defendants assert that they were entitled to terminate Chandler's employment at any time without being subject to an enforceable action for damages.
The defendants also filed an exception of prescription. They alleged that, to the extent the plaintiff's suit states a cause of action for "wrongful termination," such an action has already prescribed. Chandler ceased employment on June 11 or 12, 2001, and filed the present suit on November 16, 2002. The defendants argued that Chandler had no cause of action for future wages or for wrongful termination.
A hearing on the exceptions was held on March 18, 2003. The court heard argument from both parties. Later that day, the trial court rendered an opinion stating that Chandler was an "at will" employee. The court found that Chandler's suit was for wrongful termination and, because it was filed more than one year after the termination, the claim was barred by prescription. Because the court granted the defendants' exception of prescription, it concluded that there was no need to consider the exception of no cause of action. A judgment granting the exception of prescription and dismissing Chandler's claim was filed on June 10, 2003. Chandler appealed.

DISCUSSION
On appeal, Chandler contends that the trial court erred in finding that he was an "at will" employee and in dismissing his action by applying the one-year liberative prescriptive period applicable to actions for "wrongful termination." Chandler asserts that his petition seeks damages for breach of his "fixed term" employment contract rather than damages resulting from wrongful termination. Chandler asserts that at a minimum, the proper liberative prescriptive period to be applied to his action is that of three years under La. C.C. art. 3494(1) for actions seeking "recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging and board." At a maximum, Chandler contends that his suit is subject to the ten-year liberative prescription of La. C.C. art. 3499 applicable to all personal actions unless otherwise provided by law.
Under La. C.C. art. 2747, an employer is generally at liberty to dismiss an employee at any time, for any reason, without incurring liability for the discharge. Quebedeaux v. Dow Chemical Company, 2001-2297 (La.6/21/02), 820 So.2d 542. Under a "fixed term" employment contract, however, the parties have agreed to be bound for a certain period during which the employee is not free to depart without assigning cause, nor is the employer at liberty to dismiss the employee without assigning any reason for so doing. Specifically, La. C.C. art. 2749 states:
If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived.
As a prerequisite for claiming unpaid salaries for work that would have been performed in the future, employees must show that they have been hired for a definite period of time. Jackson v. East Baton Rouge Parish School Board, 393 So.2d 243 (La.App. 1 Cir.1980). Because there is a presumption that employment is *1185 "at will," the party relying on an alleged contract of employment for a "fixed term" has the burden of proving that there was a meeting of the minds on the length of time of employment. See Brodhead v. Board of Trustees for State Colleges and Universities, 588 So.2d 748 (La.App. 1st Cir.1991), writ denied, 590 So.2d 597 (La.1992).
An action for "wrongful discharge" in an "at-will" employment relationship sounds in tort and as such is subject to the one-year prescriptive period for delictual actions provided for in La. C.C. art. 3492. See Jones v. Orleans Parish School Board, 688 F.2d 342 (5th Cir.1982), cert. denied, 461 U.S. 951, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983); Young v. Martin Marietta Corporation, 701 F.Supp. 567 (E.D.La. 1988); Harris v. Gaylord Bag Company, 26,335 (La.App.2d Cir.12/7/94), 647 So.2d 542, writ denied, 95-0051 (La.3/17/95), 651 So.2d 268.
An action for compensation due under the unexpired term of a "fixed term" employment contract by a discharged employee is clearly one in contract. Employment for a fixed term carries with it the right of the employee to receive all wages or salary due under the contract except in those instances in which he is discharged for cause. Andrepont v. Lake Charles Harbor and Terminal District, 602 So.2d 704 (La.1992). An action on a contract is governed by the prescriptive period of ten years for personal actions. La. C.C. art. 3499; Roger v. Dufrene, 613 So.2d 947 (La.1993).
The plaintiff bases his claim that he had an employment contract for a fixed term upon the "Offer of Employment" outlining his levels of compensation to be earned during the first and second six-month periods of employment, and during the second year of employment. The document also provided for non-qualified bonuses, retirement, infrastructure bonuses and productivity bonuses to be paid to Chandler. Lastly, the "Offer of Employment" contains a section entitled "BUY-OUT CLAUSE" providing as follows:
Part (1) In the event Quin [Chandler] fails to comply in any way, the company is relieved of obligations of bonus due and if Quin so chooses to leave, same applies.
Part (2) If, in the event the company is sold or substantial grocery assets liquidated, Quin would be entitled to severance pay equal to two (2) years of salary.
Part (3) If, in the event the company is sold, Quin would be allowed the equal opportunity to purchase.
The determination by the trial court that the employment relationship between the parties in this matter was "at-will," was based upon the "at-will" language in the document entitled "NEW HIRE ORIENTATION AND SIGN-UP KIT." The document was executed on December 8, 2000, and contained the following statement:
I understand that my employment with Kenyan Companies is "at will" and may be terminated by me or by my employer at any time.
The "Offer of Employment" set forth a pay schedule covering two years. It did not specify that it was a contract of employment for a fixed term of two years. Generally, the fact that hiring is at so much per day, week, month, quarter, or year raises no presumption that the hiring was for such a period, but only at the rate fixed for whatever time the party may serve. Binnion v. M. & D. Drugs, Inc., 8 So.2d 307 (La.App. 2d Cir.1942).
The "NEW HIRE ORIENTATION AND SIGN-UP KIT," signed by the plaintiff more than one week after the "Offer of Employment," clearly stated that Chandler was an "at will" employee. In construing *1186 these two documents together, it appears that the parties negotiated the amounts to be paid to the plaintiff should he remain employed at Kenyan, Inc. for two years. Based on the record presented, we agree with the trial court that the documents do not constitute a fixed term contract.
However, this does not end the inquiry into the applicable prescriptive period in this matter. While the claim of an "at will" employee for wrongful termination would be subject to the one-year prescriptive period for torts, Chandler claims that he was not paid all wages and bonuses due for services rendered during his employment with Kenyan, Inc. Chandler argues that his action is subject to the prescriptive period set forth in La. C.C. art. 3494(1) which provides:
The following actions are subject to a liberative prescription of three years:
(1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board;
[Emphasis added.]
The defendants contend that after Chandler's employment with Kenyan, Inc. ended, he was paid through the end of the pay period and was also paid for unused vacation and personal days. Chandler objects that he was not paid for bonuses earned during his employment. Such a claim for services rendered is governed by the three-year prescriptive period outlined above. We find that the trial court erred in ruling that Chandler's claim had prescribed. This matter is remanded for the trial court to rule on the exception of no cause of action and for further proceedings.

CONCLUSION
The judgment of the trial court granting the defendants' exception of prescription and dismissing the plaintiff's claim is reversed, and the matter is remanded for further proceedings. Costs of this appeal are assessed to the defendants, Ed Kenyan and Kenyan Enterprises, Inc.
REVERSED AND REMANDED.