# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-217


**LENORA KRIELOW**

**VERSUS**

**R&H SUPPLY, INC.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2012-2144
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


**AFFIRMED.**


**Louis Clayton Burgess**
**Attorney at Law**
**605 W. Congress St.**
**Lafayette, LA 70501**
**(337) 234-7573**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Lenora Krielow**

**Jennie Porche Pellegrin**
**Jacelyn C. Bridges**
**Laborde & Neuner**
**1001 W. Pinhook, Suite 200**
**Lafayette, LA 70503**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **R&H Supply, Inc.**

**Rachel Steely**
**Gardere, Wynne, Sewell, LLP**
**1000 Louisiana, Suite 3400**
**Houston, TX 77002**
**(713) 276-5500**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **R&H Supply, Inc.**

**GREMILLION, Judge.**

Lenora Krielow appeals the summary judgment granted in favor of her former employer, R&H Supply, Inc., dismissing her wrongful termination suit. For the reasons that follow, we affirm.

## FACTS

On October 23, 2008, Matt Young, Managing Partner of Mangrove Equity Partners (MEP), hired Krielow as Chief Financial Officer of R&H Supply, Inc., the assets of which MEP was purchasing from R&H's majority owner, Mike Richardson. That sale was completed on October 31, 2008. Richardson remained affiliated with R&H as its president until April 2009. Roger Bates, a partner in MEP, assumed interim presidency of R&H after Richardson resigned.

Relations between Krielow and Bates were strained. Krielow was overseeing the implementation of new accounting software that Bates felt was handled poorly. Krielow indicated in her correspondence that she was given insufficient resources to perform her assigned responsibilities. Ultimately, Krielow's employment was terminated. She maintains that her firing was in retaliation for bringing two issues to Bates's attention: a surplus of warehoused stock that, if properly accounted for, would result in additional compensation being paid to Richardson; and the company operating software with too few licenses for the number of users.

Krielow filed a petition for damages, and alleging breach of her employment contract and violation of La.R.S. 23:967, designed to protect so-called "whistleblowers" from discrimination for bringing to light illegal activities of the employer. R&H filed a motion for summary judgment asserting that Krielow was fired for incompetence. In support thereof, R&H offered the affidavit of Bates

with annexed exhibits, the deposition of Krielow, and the affidavit of Irene Novick, a regional manager for R&H to whom Krielow had expressed deep misgivings about the financial viability of R&H. Krielow opposed the motion for summary judgment and affixed as her sole exhibit the letter from Young offering her the job.

The trial court granted R&H's motion. It found that Krielow had failed to assert any violation of Louisiana law on R&H's part. Krielow's employment was presumed to be for a term, and the fact that Young had stated Krielow's salary and bonus basis for 2009 and 2010 did not overcome the presumption. This appeal followed.

## ASSIGNMENT OF ERROR

Krielow maintains that the trial court erred in granting R&H's summary judgment because genuine issues of material fact existed.

## ANALYSIS

An appellate court reviews a grant of summary judgment de novo, applying the same standards as would a trial court. *Schroeder v. Bd. of Supervisors. of La. State Univ.*, 591 So.2d 342 (La.1991). Summary judgment is governed by La.Code Civ.P. arts. 966 and 967. Article 966(c)(2), as amended by Act 483 of 1997, provides that while the burden of proving entitlement to summary judgment rests with the mover, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential facts of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his

2

evidentiary burden of proof at trial, there is no genuine issue of material fact. *Hardy v. Bowie*, 98-2821 (La. 9/8/99), 744 So.2d 606.

> An employer is prohibited from taking reprisal against an employee
>
> who in good faith, and after advising the employer of the violation of law:
>> (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law. . .
>>
>> (3) Objects to or refuses to participate in an employment act or practice that is in violation of law.

La.R.S. 23:967. This statute "supports actions by plaintiffs who are aware of a workplace practice or act in which a violation of law actually occurred." *Hale v. Touro Infirmary*, 04-3, p. 9 (La.App. 4 Cir. 11/3/04), 886 So.2d 1210, 1215, *writ denied*, 05-103 (La. 3/24/05), 896 So.2d 1036.

> [T]he Whistleblower Statute only offers protection to a specific class of employees: those employees who face "reprisals" from their employers based solely upon an employee's *knowledge* of an illegal workplace practice and his refusal to participate in the practice or intention to report it. Therefore, the language of the statute leads us to the conclusion that a violation of law must be established by a plaintiff under the Whistleblower Statute in order to prevail on the merits of the case.

*Id.*

Krielow, in response to questioning, testified that she did not know whether Richardson was aware of the surplus stock. She did not discuss the surplus stock with Richardson, nor did she threaten to discuss it with him. Similarly, Krielow did not think the company had a sufficient number of software licenses to support the number of users operating the software. However, she worked with R&H's IT contractor to procure the appropriate number of licenses. She testified that she thought the situation had been rectified. She did not report the license issue to the software copyright owner or to any authority, nor did she threaten to report it. In

3

short, Krielow failed to support her claims that R&H committed any illegal act or that she was a whistleblower for purposes of maintaining a cause of action under La.R.S. 23:967.

With regard to the contention that Krielow was hired for a term, we also affirm the trial court's decision. There is a presumption that employment is at will, and the party relying on an alleged contract of employment for a fixed term bears "the burden of proving that there was a meeting of the minds on the length of time of employment." *Reyes-Silva v. Drillchem Drilling Solutions, LLC.*, 10-1017, p. 8 (La.App. 3 Cir. 2/2/11), 56 So.3d 1173, 1178, *writ denied*, 11-0732 (La. 5/20/11), 63 So.3d 983. Krielow offered no evidence other than Young's letter extending an offer of employment to her. That letter did outline the compensation she would receive for 2009 and 2010. However, it also stated that her compensation bonus was subject to meeting certain goals, and that her employment in general was contingent upon the completion of Richardson's sale to MEP. R&H produced a signed acknowledgement of receipt of Krielow's copy of company policies in which she also acknowledged that her employment was at-will. Krielow offered no other evidence that she was employed for a term and nothing that disputes her acknowledgement that she was employed at-will.

## CONCLUSION

In order to avail herself of the protections of La.R.S. 23:967, an employee must demonstrate knowledge of a practice that would be unlawful under Louisiana law. She must at least threaten to disclose the practice or refuse to participate in the unlawful practice. R&H successfully proved that Krielow made no threats to disclose any unlawful practice. It also successfully proved that Krielow's

4

employment was at-will. The judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiff/appellant, Lenora Krielow.

**AFFIRMED.**