# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 24-302


**ACADIANA RENAL PHYSICIANS, AMC**

**VERSUS**

**PRECIOUS HODGES**


**\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. 2023-6080
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\***


**JONATHAN W. PERRY**
**JUDGE**

**\*\*\*\*\*\*\*\*\***

Court composed of Candyce G. Perret, Jonathan W. Perry, and Sharon Darville Wilson, Judges.


**AFFIRMED IN PART; REVERSED IN PART;**
**AND REMANDED.**

Charlotte C. Meade
Meade Young, LLC
400 Poydras Street, Suite 1680
New Orleans, Louisiana 70130
(504) 416-3975
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    Acadiana Renal Physicians, AMC


Monica V. Bowers
Attorney at Law
1200 Camellia Blvd., Suite 205
Lafayette, Louisiana 70508
(337) 406-9615
**COUNSEL FOR DEFENDANT/APPELLEE:**
    Precious Hodges

**PERRY, Judge.**

This case involves a petition for damages for breach of an employment agreement brought by the employer against a nurse practitioner formerly employed by it. Also, the employer's petition seeks a declaratory judgment to have the court judicially determine that its actions following the employee's resignation did not constitute racial discrimination and retaliation. The trial court sustained the employee's peremptory exceptions of no cause of action and no right of action and dismissed the employer's petition for damages as well as its petition for declaratory judgment. We affirm the trial court's judgment dismissing the employer's petition for declaratory relief, reverse the trial court's judgment dismissing the employer's petition for breach of contract, and remand to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

According to its pleadings, Acadiana Renal Physicians, AMC ("ARP") offered Precious Hodges ("Ms. Hodges") a written contract to provide nurse practitioner services on a full-time basis.[1] The pleading further states that the contract provided a one-year term of employment, and that one-year term automatically renewed for successive one-year terms, unless either party gave notice

---

[1] The written contract is neither part of ARP's petition nor incorporated by reference as an attachment to the petition. However, it does appear in the appellate record as an attachment to a memorandum filed by Ms. Hodges. In pleading her peremptory exceptions Ms. Hodges states, "Pursuant to La. Code Civ. P. art. 853, Defendant adopts by reference her . . . memorandum in support of these exceptions."

Louisiana Code of Civil Procedure Article 853 states in pertinent part: "A copy of any written instrument that is an exhibit to a pleading is a part thereof." As provided in La.Code Civ. P. art. 852, "The pleadings allowed in civil actions, whether in a principal or incidental action, shall be in writing and shall consist of petitions, exceptions, written motions, and answers." A memorandum does not constitute a pleading. *Vallo v. Gayle Oil Co., Inc.*, 94-1238 (La. 11/30/94), 646 So.2d 859. *But see* La.Code Civ.P. art. 965 which treats memorandums differently for purposes of a motion for summary judgment. Accordingly, we do not find that the contract attached as an exhibit to the memorandum of Ms. Hodges may be considered. Thus, we are bound to only consider the written allegations of ARP's petition which purportedly detail the contents of the employment contract.

of at least ninety days of their intent for the contract to not renew for another one-year term.

Additionally, the petition alleges that the initial contract term began on February 1, 2019, and ran to February 1, 2020. It renewed for another one-year term on February 1, 2020, to February 1, 2021. This repeated with one-year contracts being completed for the term February 1, 2021, to February 1, 2022, whereupon the contract automatically renewed again, making Ms. Hodges bound for the term February 1, 2022, to February 1, 2023, and then again from February 1, 2023, to February 1, 2024. At no time before February 1, 2023, did either ARP or Ms. Hodges give notice of the termination and non-automatic renewal of the contract.

The petition further states that on September 18, 2023, Ms. Hodges informed ARP that she would be resigning her employment effective October 9, 2023, to take a new position as nurse practitioner with Ochsner Lafayette General. At that point, ARP informed Ms. Hodges that she was under contract, and that she was required to have given ninety days' notice before the automatic renewal, which did not occur.

Beyond that, ARP's petition alleges that it has not been able to replace Ms. Hodges, causing it to suffer economic injury, lost productivity, and damage to its reputation. Additionally, ARP alleges that it paid Ms. Hodges for vacation time that she did not earn for the 2023–2024 term of employment.[2]

Lastly, ARP alleges that after it notified Ms. Hodges that she was in breach of contract, Ms. Hodges's counsel wrote to ARP, denying that she breached her contract and specifically stated:

> Lastly, as I have reviewed the evidence, I believe Ms. Hodges likely has a claim for discrimination and retaliation. It has come to my attention that at least five (5) white employees of ARP have resigned over the past several months and none of those employees provided

---

[2] In its petition, ARP alleges that it paid Ms. Hodges's unearned vacation time because she threatened to sue it for penalty wages and attorney fees under the provisions of La.R.S. 23:631. Thus, it seeks to recover these sums as an element of damages.

ARP with 90 days' notice or received threats of litigation. A more thorough investigation by the EEOC in this regard may be warranted.

ARP contends that this communication created a justiciable controversy between it and Ms. Hodges. Accordingly, it alleges that it may obtain a declaration of its legal rights under La.Code Civ.P. art. 1872 that it had not engaged in any discrimination and retaliation when it asserted its rights against Ms. Hodges for breach of contract, and it is entitled to a declaratory judgment to that effect.

In response to ARP's petition, Ms. Hodges filed peremptory exceptions of no right of action and no cause of action. On February 20, 2024, the trial court heard oral arguments by the parties, sustained both peremptory exceptions, and dismissed ARP's claims with prejudice. This appeal followed.

## ASSIGNMENTS OF ERROR[3]

(1) The trial court erred in sustaining the peremptory exception of no cause of action brought by Ms. Hodges because ARP's petition clearly states a cause of action for breach of contract.

(2) The trial court erred in sustaining the peremptory exception of no right of action brought by Ms. Hodges because ARP is the proper party to sue Ms. Hodges for breach of contract.

(3) The trial court erred in dismissing ARP's petition in its entirety because the petition states a cause of action for declaratory judgment by setting forth the pendency of a justiciable controversy between the parties.

(4) The trial court erred in sustaining the peremptory exception of no right of action brought by Ms. Hodges as to ARP's petition for declaratory judgment because it is the proper party to sue Ms. Hodges under the circumstances set forth in the petition.

---

[3] A review of the hearing on the peremptory exceptions shows that Ms. Hodges attempted to argue transaction or compromise as a ground for the peremptory exception of no right of action; the transcript shows that the trial court did not consider that argument because Ms. Hodges had not sought to enforce a compromise. Although ARP has included a fifth assignment of error that the trial court erred in sustaining the peremptory exception of no right of action based upon a theory of transaction or compromise, it has not argued that issue in its briefs to this court. Assignments of error neither briefed nor argued in brief are deemed abandoned. Uniform Rules—Courts of Appeal, Rule 2–12.4; *Prudhomme v. Nationwide Mut. Ins. Co.*, 465 So.2d 141 (La.App. 3 Cir.), *writ denied*, 467 So.2d 1132 (La.1985).

3

**PLAINTIFF'S ARGUMENTS**

ARP argues that its petition pleads facts that support the existence of a limited-term contract of employment between it and Ms. Hodges. It contends that when employment contracts are for one year but are subject to automatic renewal for successive terms, the employment is not at-will.

ARP further argues that its petition alleged facts which establish that Ms. Hodges breached her contract.[4] Thus, ARP argues that the trial court erred when it found that Ms. Hodges carried her burden of proof on the exceptions. In the alternative, it argues that even if ARP's petition was flawed in describing the contract and/or its breach, the trial court should have granted ARP leave to amend the petition. Thus, it asks this court to reverse the trial court and remand the matter to allow ARP to amend its petition.

Additionally, ARP contends that it asserted a valid cause of action for declaratory judgment and has the right to bring that action because the petition alleges that Ms. Hodges threatened to sue ARP for employment-based racial discrimination and retaliation. According to ARP, this amounts to a justiciable controversy sufficient for the trial court to render a declaratory judgment. Thus, ARP also asks this court to reverse this aspect of the judgment and allow ARP's petition for declaratory judgment to proceed to trial.

**DEFENDANT'S POSITION**

Ms. Hodges argues that ARP has failed to identify or include facts in its petition to establish a limited duration contract during which Ms. Hodges was not

---

[4] ARP further contends that Ms. Hodges failed to present evidence to counter the allegations made in ARP's petition. Despite that contention, we point out that no evidence may be introduced to support or controvert an exception of no cause of action; consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. *State v. Ctr. For Tech and Civic Life,* 21-670, 21-671 (La.App. 3 Cir. 3/30/22), 350 So.3d 534, *writ denied*, 22-721 (La. 6/28/22), 341 So.3d 568.

free to depart without cause nor was ARP as the employer at liberty to dismiss the employee without cause. Accordingly, Ms. Hodges asks this court to recognize that ARP's failure to provide the facts to sustain a limited duration contract further supports the trial court's decision to grant her peremptory exception of no right of action to bring a breach of contract claim with no actual limited duration contract.

Finally, Ms. Hodges argues that ARP fails to identify a justiciable controversy of an existing actual dispute to warrant a cause of action or right of action for a declaratory judgment.

## PEREMPTORY EXCEPTIONS—THE LAW AND JURISPRUDENCE

*No Cause of action*

In *City of New Orleans v. Board of Directors of Louisiana State Museum*, 98-1170, pp. 9–10 (La. 3/2/99), 739 So.2d 748, 755–56, the court stated:

> The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. The burden of showing that the plaintiff has stated no cause of action is upon the exceptor. The public policy behind the burden is to afford the party his day in court to present his evidence. *Jarrell v. Carter*, 577 So.2d 120 (La.App. 1 Cir.), *writ denied*, 582 So.2d 1311 (La.1991). The exception is triable on the face of the papers, and for the purpose of determining the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff. LA.CODE CIV.P. arts. 927, 931; *Mayer v. Valentine Sugars, Inc.*, 444 So.2d 618 (La.1984). A court of appeal reviews *de novo* a lower court's ruling sustaining an exception of no cause of action because the exception raises a question of law and because the lower court's decision is generally based only on the sufficiency of the petition. *Mott v. River Parish Maintenance, Inc.*, 432 So.2d 827 (La.1983). The question is whether, in the light most favorable to the plaintiff, the petition states any valid cause of action for relief. *Jarrell*, 577 So.2d at 120.
>
> Generally, under LA.CODE CIV.P. art. 931 parties may introduce no evidence to support or controvert the exception. *See, e.g., Treasure Chest Casino, L.L.C. v. Parish of Jefferson*, 96-1010 (La.App. 1 Cir. 3/27/97), 691 So.2d 751, 754, *writ denied*, 97-1066 (La. 6/13/97), 695 So.2d 982. . . .

An exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insurmountable bar to relief.  Thus, dismissal is justified only when the allegations of the petition itself clearly show that the plaintiff does not have a cause of action, or when its allegations show the existence of an affirmative defense that appears clearly on the face of the pleadings.  [*City of New Orleans v.*] *Board of Comm'rs of Orleans Levee Dist.*, [93-690 (La. 7/5/94)], 640 So.2d [237].  A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the well-pleaded facts, the plaintiff has not stated a claim for which he can receive legal remedy under the applicable substantive law.

*No Right of Action*

In *McKay v. Fontenot*, 22-690, pp. 3–4 (La.App. 3 Cir. 6/28/23), 368 So.3d 282, 285, *writ denied*, 23-1040 (La. 11/8/23), 373 So.3d 62, we stated:

The peremptory exception of no right of action, La.Code Civ.P. art. 927(A)(6), is based on La.Code Civ.P. art. 681, which provides that "an action can be brought only by a person having a real or actual interest which he asserts."  "The function of an exception of no right of action is a determination of whether plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition."  *Badeaux v. Southwest Computer Bureau, Inc.*, 05-612, p. 6 (La. 3/17/06), 929 So.2d 1211, 1217.  The exception questions "whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation."  *Id.*

Appellate review of a trial court's decision on an exception of no right of action is de novo because it presents legal questions—the determination of whether a plaintiff has a right of action is a question of law.  *Guidry v. Ave Maria Rosary & Cenacle, Inc.*, 21-507 (La.App. 3 Cir. 6/1/22), 341 So.3d 779.  "When evidence is introduced in support of or in opposition to the exception, however, a trial court's findings of fact are subject to the manifest error-clearly wrong standard of review."  *Id.* at 797 (quoting *Rain CII Carbon, LLC v. Turner Indus. Grp., LLC*, 19-403 (La.App. 3 Cir. 3/18/20), 297 So.3d 797, *writ denied*, 20-774 (La. 10/20/20), 303 So.3d 319).  Furthermore, though evidence could be considered in determining an exception of no right of action, whether the defendant may be able to defeat the plaintiff's cause of action is immaterial to the determination of an exception of no right of action.  Any evidence admitted which does not relate to the plaintiff's right of action must be referred to the merits of the case.  *See Madisonville State Bank v. Glick*, 05-1372 (La.App. 3 Cir. 5/3/06), 930 So.2d 263.

## LAW AND JURISPRUDENCE APPLIED

*The Suit for Damages*

As the party who advanced the two peremptory exceptions, Ms. Hodges states that ARP had the burden of alleging the existence of a fixed term employment contract that included language that the employee is not free to depart without assigning cause and the employer is not free to terminate without giving reasons. In support of her argument, Ms. Hodges relies heavily on *Read v. Willwoods Community*, 14-1475 (La. 3/17/15), 165 So.3d 883.

Next, relying on *Seals v. Calcasieu Parish Voluntary Council on Aging, Inc.*, 99-1269 (La.App. 3 Cir. 3/1/00), 758 So.2d 286, *writ denied*, 00-928 (La. 5/12/00), 761 So.2d 1292, she argues that the opinion provides that successive options for renewal in a limited term contract will revert to that of employment at-will if either party can terminate the employment obligation by not exercising the options via a notice of non-renewal provision. Against that background, Ms. Hodges contends that the automatic renewal provisions that require written notice to terminate without including a "just cause" provision suffer the same fate as the initial term of the contract relative to the absence of for-cause termination language. Thus, Ms. Hodges contends that because the employment contract did not include "cause" language, the trial court properly granted her peremptory exception of no cause of action. After carefully reviewing the *Read* and *Seals* decisions, we find these decisions do not support Ms. Hodges's argument.

The *Read* decision concerned an oral contract of employment and whether the plaintiff proved that there was an oral contract. Specifically, in *Read*, 165 So.3d at 886–87 (footnotes omitted), the court stated:

> The employer-employee relationship is a contractual relationship, and thus an employer and employee may negotiate the terms of an employment contract and agree to any terms not prohibited

7

by law or public policy. Louisiana law provides that employment contracts are either limited term or terminable at-will. Under a limited term contract[,] the parties agree to be bound for a certain period during which the employee is not free to depart without assigning cause nor is the employer at liberty to dismiss the employee without cause. When a contract does not provide for a limited term, an employer can dismiss the employee at any time and for any reason without incurring liability. When the employer and employee are silent on the terms of the employment contract, the Civil Code provides the default rule of employment-at-will.

Even though the supreme court held that the evidence did not support a finding that the employee and employer entered into a five-year employment contract, its determination was not based upon a failure to include at-will language in their contract. To the contrary, the court's holding simply concluded that there was no proof that there was a meeting of the minds that a fixed-term contract was formed. In the present case, it is unquestioned that ARP and Ms. Hodges executed a contract of employment that provided successive fixed terms which either party could terminate by providing ninety days' notice.

Ms. Hodges next relies on *Seals,* 758 So.2d 286, to support her argument. In *Seals*, the written employment contract provided that the employee could terminate the employment relationship upon giving thirty days' notice, but the employer could only terminate for just cause. After reviewing the record, this court made a threefold finding: (1) a provision in Seals's employment agreement that provided she give thirty days' notice before terminating the employment agreement was valid; (2) a contract of indefinite duration will be sustained when the employee gives "special consideration" in addition to the services he promised to perform; and (3) if the execution of the contract makes the obligation to work immediately enforceable, the decision to terminate employment was an uncertain event that constituted a resolutory condition. Here, too, Ms. Hodges's reliance on *Seals* is misplaced because its factual basis is dissimilar to the present case. In particular, the

employment contract in *Seals* was not voided because of the termination clause of the contract.

In response to the argument of Ms. Hodges, ARP contends that the signed employment contract Ms. Hodges entered into specified a certain term of employment. It further contends that it was not necessary to include "just cause" termination language in the initial term of the contract and the successive automatic renewals because La.Civ.Code art. 2747 provides this language by default. It further asserts that during the fixed term of employment neither Ms. Hodges nor ARP could terminate the employment contract unless there was "just cause" or by providing the requisite ninety days' notice specified in the contract. It further points out that the facts alleged in its petition state a cause of action for damages, and it is the entity who has a right of action to enforce the contract. Accordingly, ARP asks this court to reverse the trial court's decision to dismiss its petition for breach of contract on peremptory exceptions of no cause of action and no right of action.

"A contract is formed by the consent of the parties established through offer and acceptance." La.Civ.Code art. 1927. It follows, therefore, that an enforceable contract requires a meeting of the minds. *Chandler Groceries, Inc. v. Ali*, 22-63 (La.App. 3 Cir. 9/28/22), 348 So.3d 904, *writ denied*, 22-1611 (La. 1/11/23), 352 So.3d 985. Because there is a presumption that employment is at-will, the party seeking damages under an alleged contract of employment for a limited term bears the burden of alleging there was a meeting of the minds on the term of employment. *See* La.Civ.Code art. 1831; *Suire v. Lafayette City-Par. Consol. Gov't.*, 04-1459, 04-1460, 04-1466 (La. 4/12/05), 907 So.2d 37; *Krielow v. R & H Supply, Inc.*, 13-217 (La.App. 3 Cir. 10/9/13), 123 So.3d 1235.

In *Quebedeaux v. Dow Chemical Co.*, 01-2297, p. 5 (La. 6/21/02), 820 So.2d 542, 545, the court stated, "When the employer and employee are silent on the terms

of the employment contract, the civil code provides the default rule of employment-at-will . . . . This default rule is contained in [La.Civ.Code] art. 2747." It has been held that under La.Civ.Code art. 2747, "[w]here an employee's employment is for an indefinite term, the employment is terminable at the will of either the employer or the employee." *Williams v. Delta Haven, Inc.*, 416 So.2d 637, 638 (La.App. 2 Cir. 1982). However, under a fixed term contract of employment, "the parties have agreed to be bound for a certain period during which the employee is not free to depart without assigning cause, nor is the employer at liberty to dismiss the employee without assigning any reason for so doing." *Chandler v. Kenyan*, 38,084, p. 4 (La.App. 2 Cir. 12/19/03), 862 So.2d 1182, 1184; *see also* La.Civ.Code art. 2749.

Likewise, when an employer and employee enter an employment contract for one year with automatic renewal for successive terms, such an employment contract is not at-will. One such example is *Graham v. Magnolia School, Inc.*, 297 So.2d 435 (La.1974). In *Graham*, a teacher entered into an employment contract with the defendant, Magnolia School, Inc. of New Orleans. The contract provided that Graham would be engaged and employed by Magnolia School from the first day of May 1956 to the first day of May 1959. The contract additionally provided that the contract may continue in full force year after year, unless terminated by the Magnolia School's Board of Directors by written notice sixty days prior to severance. On August 29, 1968, Graham's employment was terminated by written notice, and he was paid two months' salary and subsistence at the time of termination. Graham filed suit alleging that the termination was in violation of the employment contract and was without cause. In response, Magnolia argued that after the initial term lapsed, the contract term became indefinite and, therefore, terminable at-will. In rejecting Magnolia's argument, the supreme court stated:

The agreement consists of two provisions independent of each other, one of which controlled with respect to the initial period of employment and the other after that term.

The provision which came into effect after the initial period obviously intended to modify the original agreement with respect to term, compensation and to provide for a method of termination.

We believe the intent of the parties was to continue the employment in increments of one year. The contract provides that the employment shall continue 'year after year.' Although this phrase may also be interpreted to mean merely an indefinite period of employment, we do not think such a construction is reasonable in light of the nature of the employment. Such a factor may be properly considered in determining the contemplated term of employment where the intent of the parties may not be clear.

*Graham*, 297 So.2d at 436.

Furthermore, the jurisprudence has recognized that automatic renewal provisions are enforceable. *See Barbe v. A.A. Harmon & Co.*, 94-2423, 94-2424 (La.App. 4 Cir. 1/7/98), 705 So.2d 1210, *writs denied*, 98-526, 98-529 (La. 5/15/98), 719 So.2d 462; *Prevost v. Eye Care and Surgery Ctr.*, 93-1016 (La.App. 1 Cir. 4/8/94), 635 So.2d 765, *writ denied*, 94-1214 (La. 7/1/94), 639 So.2d 1168.

After considering the nature of the at-will rule, we find employment at-will is the default rule which exists by virtue of La.Civ.Code art. 2747, and the fixed-term contract exists as an exception to that rule. Simply stated, a fixed-term employment contract need not include "at-will" language. Although we agree that it was ARP's burden to plead facts supporting the existence of a fixed-term employment contract, we find no merit to Ms. Hodges's contention that those allegations must include that the contract had to contain "for cause" language.

After reviewing the allegations of fact detailed in ARP's petition, accepting them as true, and examining the question in the light most favorable to the plaintiff, we find ARP's pleadings alleged facts to support a cause of action that Ms. Hodges purportedly breached a contract of employment for a limited term sufficient to

remove the contract from the default rule of employment at-will codified in La.Civ.Code art. 2747. Therefore, we reverse the trial court's judgment which found ARP failed to state a cause of action against Ms. Hodges for breach of her employment contract and remand the case for further proceedings.

We likewise find no merit as to the argument made by Ms. Hodges that ARP did not have a right of action because it failed to allege facts which showed the employment contract contained language that the employee was not free to terminate without assigning cause and the employer was not free to depart without giving reason. For the same reasons shown above, we find no merit to Ms. Hodges's peremptory exception of no right of action. Therefore, we also reverse the trial court judgment which dismissed the petition of ARP on the grounds that it did not have a right of action.

*The Petition for Declaratory Judgment*

ARP's petition also seeks a declaration that it is not liable for employment-based racial discrimination and retaliation.

In *Manning v. State*, 19-698, p. 5 (La.App. 3 Cir. 9/23/20), 304 So.3d 1038, 985, *writ denied*, 20-1239 (La. 12/22/20), 307 So.3d 981, this court stated:

> A party is entitled to relief by declaratory judgment when "his rights are uncertain or disputed in an immediate and genuine situation, and the declaratory judgment will remove the uncertainty or terminate the dispute." *Spicer v. Spicer*, 2010-1577 (La. App. 1 Cir. 3/25/11), 62 So.3d 798, 800.

> *Greene v. Greene*, 19-37, p. 14 (La.App. 5 Cir. 12/11/19), 286 So.3d 1103, 1115.

Furthermore, in *Desselle v. Dresser Industrial Valve*, 96-374, pp. 3–4 (La.App. 3 Cir. 2/5/97), 689 So.2d 549, 551–52, *writ denied*, 97-618 (La. 4/25/97), 692 So.2d 1086 (quoting *Ricard v. State*, 544 So.2d 1310, 1312 (La.App. 4 Cir. 1989)) (emphasis added), this court also noted:

The codal articles authorizing declaratory judgment are declared remedial and should be liberally construed and administered. La.C.C.P. Art. 1881; *Stoddard v. City of New Orleans*, 246 La. 417, 165 So.2d 9 (1964). **Nevertheless, there is no right or cause of action when there is no justiciable controversy**. *Abbott v. Parker*, 259 La. 279, 249 So.2d 908 (1971). . . .

In *Abbott*, 249 So.2d at 918, the Supreme Court defined "justiciable controversy":

> A "justiciable controversy" connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relation of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of conclusive character. Further, the plaintiff should have a legally protectable and tangible interest at stake, and the dispute presented should be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

Turning to the facts alleged in ARP's petition, the premise for its request for declaratory judgment is based on correspondence received from counsel for Ms. Hodges. In that communication (emphasis added), counsel stated that "I *believe* Ms. Hodges *likely has a claim* for discrimination and retaliation" and that "A more thorough investigation by the EEOC in this regard *may be warranted*."

A petition for declaratory judgment "cannot generally be maintained unless it involves some specific adversary question or controversy asserted by interested parties and based on existing state of facts." *Am. Waste & Pollution Control Co. v. St. Martin Par. Police Jury*, 627 So.2d 158, 162 (La.1993). "Cases submitted for adjudication must be justiciable, ripe for decision, and not brought prematurely." *Id.* A court must refuse to entertain an action for a declaration of rights "if the issue presented to the court is academic, theoretical, or based upon a contingency which may or may not arise." *Tugwell v. Members of Bd. of Highways*, 83 So.2d 893, 899 (La.1955).

Applying this well-established jurisprudence to the present case, it is clear that the question ARP raises in its petition is hypothetical or abstract and is based on a contingency which may not arise, and a justiciable controversy is lacking. Therefore, we affirm the trial court's decision which granted Ms. Hodges's peremptory exceptions of no cause of action and no right of action for declaratory judgment and dismissed that portion of the petition seeking such relief.

## DECREE

For the foregoing reasons, we affirm the trial court's judgment which granted the peremptory exceptions of no cause of action and no right of action brought by Precious Hodges regarding the petition for declaratory judgment brought by Acadiana Renal Physicians, AMC.

For the reasons stated, we reverse the trial court's judgment which granted the peremptory exceptions of no cause of action and no right of action regarding the petition of Acadiana Renal Physicians, AMC against Precious Hodges for breach of her employment contract and remand the case for further proceedings.

Costs of this appeal are cast equally to Acadiana Renal Physicians, AMC and Precious Hodges.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**